Arthur SOGOYAN, Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 10–70859.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2011.*

Filed July 25, 2011.

Ahmed M. Abdallah, Esquire, Hollywood, CA, for Petitioner.

Anthony John Messuri, Esquire, Trial, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

MEMORANDUM **

Arthur Sogoyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen based on ineffective assistance of counsel and changed circumstances arising in the country of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and for abuse of discretion the denial of a motion to reopen. *Ghahremani v. Gonzales,* 498 F.3d 993, 997–99 (9th Cir.2007). We deny the petition for review.

The BIA did not abuse its discretion in denying Sogoyan's motion to reopen as untimely because it was filed more than six months after the final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and Sogoyan did not establish that he acted with the due diligence required for equitable tolling, *see Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003) (equitable tolling available where "a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

diligence"). Sogoyan did not establish eligibility for any of the regulatory exceptions to the filing deadline. *See* 8 C.F.R. § 1003.2(c)(3); *see also Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir.2010) (evidence of changed circumstances in the country of removal lacks the requisite materiality where it simply recounts generalized conditions); *cf. Malty v. Ashcroft*, 381 F.3d 942, 944 (9th Cir.2004).

In light of our disposition, we do not reach Sogoyan's remaining contentions.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.